UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
**LEONIDAS EMERSON,**               )
                                    )
         **Plaintiff,**          )
                                    )
         v.                      )   Civil Action No. 13-241 (RMC)
                                    )
**SETERUS, INC.,**                  )
                                    )
         **Defendant.**          )
_____ )

**OPINION**

Leonidas Emerson, proceeding pro se, brought this suit against Seterus, Inc., a mortgage servicing company. The Complaint alleges that the case arises from Seterus's "illegal collection of a mortgage purportedly executed by Plaintiff through a defective fraudulent Power of Attorney not executed by Plaintiff." Compl. [Dkt. 1-1] ¶ 1. Seterus has moved to dismiss. As explained below, the motion will be granted in part and denied in part.

**I. FACTS**

Seterus is a mortgage service provider; Seterus has attempted to collect from Mr. Emerson monies due on a mortgage on Mr. Emerson's home, located at 2321 13th Place, N.E., Washington, D.C. Mr. Emerson asserts that on February 10, 2006, a man named Gerardo Mora purchased the property, executing a Note and a Deed of Trust. Compl. ¶ 8. Mr. Emerson's wife, Ramona Maritza Emerson, signed the power of attorney authorizing Mr. Mora to execute the Note and Deed of Trust. *Id*. ¶ 11. Mr. Emerson did not sign a power of attorney authorizing Mr. Mora or anyone else to purchase and mortgage the property. *Id*. ¶ 10. In 2011, Seterus began to demand payment on the mortgage from Mr. Emerson. Mr. Emerson contends that

Seterus's attempts to collect mortgage payments from him are illegal, and he brought this suit. The Complaint sets forth the following five Counts:

> Count I – violation of Fair Debt Collection Practices Act (FDCA), 15 U.S.C. § 1692 *et seq.*;
>
> Count II – a claim for declaratory relief;
>
> Count III – common law fraud;
>
> Count IV – civil conspiracy; and
>
> Count V – violation of the Real Estate and Settlement Procedures Act (RESPA), 12 U.S.C. § 2605.[1]

Seterus moved to dismiss. In response, Mr. Emerson withdrew Counts I, III, and IV. Thus, only Counts II and V are at issue here.

## II. LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the adequacy of a complaint on its face, testing whether a plaintiff has properly stated a claim. Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1). A complaint must be sufficient "to give a defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Although a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* The facts alleged "must be enough to raise a right to relief above the speculative level." *Id.* Rule 8(a) requires an actual showing and not just a blanket assertion of a

---

[1] Jurisdiction in this case arises from the federal statutory issues presented. *See* 28 U.S.C. § 1331.

right to relief. *Id.* at 555 n.3. "[A] complaint needs *some* information about the circumstances giving rise to the claims." *Aktieselskabet Af 21. Nov. 2001 v. Fame Jeans, Inc.*, 525 F.3d 8, 16 n.4 (D.C. Cir. 2008) (emphasis in original).

In deciding a motion under Rule 12(b)(6), a court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits or incorporated by reference, and matters about which the court may take judicial notice. *Abhe & Svoboda, Inc. v. Chao*, 508 F.3d 1052, 1059 (D.C. Cir. 2007) (internal quotation marks and citation omitted). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is "plausible on its face." *Twombly*, 550 U.S. at 570. When a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged, then the claim has facial plausibility. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.

A court must treat the complaint's factual allegations as true, "even if doubtful in fact." *Twombly*, 550 U.S. at 555. But a court need not accept as true legal conclusions set forth in a complaint. *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679.

### III. ANALYSIS

Count V alleges that Seterus violated RESPA when it failed to respond to a letter from Mr. Emerson. RESPA provides that a mortgage servicer has a duty to respond to a borrower inquiry upon receipt of a qualified written request:

3

> If a servicer of a federally regulated mortgage loan receives a *qualified written request* from the borrower (or an agent of the borrower) for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days . . . unless the action requested is taken within such period.

12 U.S.C. § 2605(e)(1)(A) (emphasis added).  A "qualified written request" is defined as written correspondence that "includes, or otherwise enables the servicer to identify, the name and account of the borrower" and "includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower."  *Id*. § 2605(e)(1)(B).

Count V asserts that Seterus failed to comply with a qualified written request under RESPA by "withholding information from Plaintiff and [by] preventing him from discovering misconduct, to which he is diligent in attempting to ascertain resulting 'excusable delay' tolling the statute of limitations under equitable considerations."  Compl. ¶ 42.

Seterus argues that Count V should be dismissed for failure to state a claim because there is no allegation as to how Seterus's response was inadequate or what information Seterus is allegedly withholding from Plaintiff.  Mot. to Dismiss [Dkt. 4] at 8.  In response, Mr. Emerson asserts that Seterus received his letter and that "instead of complying with RESPA [Defendant] authorized a counsel from Philadelphia to work on a loan modification.  Plaintiff welcome[s] the opportunity for a loan modification but Defendant needs to comply with federal law."  Opp. [Dkt. 5] at 3.

The letter from Mr. Emerson to Seterus is attached to the Complaint as Exhibit A.  *See* Compl., Ex. A [Dkt. 1-1] (Aug. 29, 2012 letter).[2]  Mr. Emerson has alleged that he sent the letter to Seterus requesting information regarding his loan and that Seterus failed to respond.

---

[2] The Court treats the letter as part of the Complaint.  *See Abhe*, 508 F.3d at 1059.

The information allegedly "withheld" is all of the information that Mr. Emerson requested, including the payment history on the loan.

Seterus also argues that the letter from Mr. Emerson is not a qualified written request. Seterus characterizes the letter as a challenge to the legitimacy of the mortgage and not as an inquiry regarding the status of payment. *See* Mot. to Dismiss at 3 (citing *Morequity, Inc. v. Naeem*, 118 F. Supp. 2d 885, 901 (N.D. Ill. 2000) (letter to mortgage servicer that challenges validity of loan and mortgage documents but does not inquire as to the status of the account balance is not a qualified written request)). Contrary to Seterus's assertion, however, Mr. Emerson's letter does request payment records. The letter asks for a copy of "[a]ll account servicing records . . . payment records, transaction histories, account histories, accounting records, ledgers and documents that relate to the accounting of this Loan from the inception of this Loan to the present date." Compl., Ex. A (Letter) ¶ 39. Therefore, Seterus's motion to dismiss Count V is ill-founded and will be denied.

Seterus also moves to dismiss Count II (declaratory judgment). Count II asserts that Seterus does not have authority to collect on the loan because the loan was obtained through fraud and asks the Court to declare the loan void. In essence, Count II is a prayer for relief based on Count III, which makes the same fraud claim.

Seterus moved to dismiss the fraud claim for failure to plead with particularity as required by Rule 9(b). *See* Fed. R. Civ. P. 9(b) (requiring a party to "state with particularity the circumstances constituting fraud or mistake."); *United States v. Cannon*, 642 F.2d 1373, 1385 (D.C. Cir. 1981) (to allege fraud, a plaintiff must state the time, place and content of the false misrepresentations, the fact misrepresented, and what was obtained or given up as a consequence of the fraud); *U.S. ex rel. Williams v. Martin-Baker Aircraft Co., Ltd.*, 389 F.3d 1251, 1259 (D.C.

Cir. 2004) (allegations of fact in support of fraud claim must be sufficient to enable a defendant to actually defend and not just deny wrongdoing).  In response to the motion to dismiss, Mr. Emerson withdrew the fraud claim.  Because Mr. Emerson has chosen not to proceed on the fraud claim and because the declaratory judgment claim is wholly dependent upon the fraud claim, the claim for declaratory judgment will be dismissed.

## IV.  CONCLUSION

For the reasons stated above, Defendant's motion to dismiss will be granted in part and denied in part.  Counts I, III, and IV are withdrawn, and Count II will be dismissed.  Count V remains.  A memorializing Order accompanies this Opinion.

Date:  April 9, 2013

/s/
ROSEMARY M. COLLYER
United States District Judge